# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 12 2017

JEFFREY P. COLWELL
CLERK

ADRIAN CAL OHANIAN

AUSTIN TRAIG VINCENT

,

, Plaintiff(s),

**RECEIVED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 12 2017

JEFFREY P. COLWELL
CLERK

v.

UNIVERSITY OF COLORADO AT BOULDER

COLORADO STATE UNIVERSITY

UNIVERSITY OF COLORADO AT BOULDER POLICE

COLORADO STATE UNIVERSITY POLICE DEPARTMENT

LEGACY HIGH SCHOOL

,

, Defendant(s).

**COMPLAINT**

# PARTIES

Plaintiff(s) parties,

ADRIAN OHANIAN
19307 E BATAVIA DR
AURORA, CO 80011

AUSTIN TRAIG VINCENT
304 WYLIE CREEK PLACE
DESOTO, TX 75117

Defendant(s) parties,

OFFICE OF THE REGISTRAR
UNIVERSITY OF COLORADO BOULDER
REGENT ADMINISTRATIVE CENTER RM 101
20 UCB
BOULDER, CO 80309-0020

COLORADO STATE UNIVERSITY
OFFICE OF ADMISSIONS
1062 CAMPUS DELIVERY
FORT COLLINS, CO 80523-1062

UNIVERSITY OF COLORADO AT BOULDER POLICE
3251 WALNUT ST
BOULDER, CO 80301

COLORADO STATE UNIVERSITY POLICE DEPARTMENT

750 MERIDIAN AVENUE
FORT COLLINS, CO 80523

LEGACY HIGH SCHOOL
2701 W 136TH AVE
BROOMFIELD, CO 80023

## JURISDICTION

Jurisdiction is asserted pursuant to defendant parties residing within the state of Colorado.

## BACKGROUND

Plaintiff party, ADRIAN CAL OHANIAN, brings forth this civil complaint. "Adrian" Cal Ohanian list his complaints, 1 through 4, in his own chronological order. During the periods of complaint plaintiff Adrian lived under a different legal name.
Plaintiff party, AUSTIN TRAIG VINCENT, will be referred to as "Vincent" for the purposes of this lawsuit to prevent confusion with the similar appearance of the name Adrian. The claims of vincent, 5 through 12, are listed in his chronological order. The claims of Adrian and Vincent are separate but appear on this joint filing as both students allege discrimination from The same school during the same school year.

## FIRST CLAIM FOR RELIEF

The first claim for relief is regarding the plaintiff ADRIAN CAL OHANIAN and the defendant LEGACY HIGH SCHOOL and the defendant UNIVERSITY OF COLORADO AT BOULDER. On or about August 2003, Plaintiff Adrian Applied to the University of Colorado at Boulder for electrical engineering, A degree which would continue the patriarchal line of study within his family. As an applicant of top honors and gold honor roll at legacy high school, plaintiff was

accepted into the University. Males within his family were proud of him for validating his hard work with acceptance and for his choice of majors.

On or about February 2004, plaintiff had a conversation with his high school counselor regarding his current life obligations. This high school counselor was a new employee in training and released partial semester grades to the University of Colorado at Boulder without the permission of the plaintiff, and without a valid reason to do so. CU Boulder had already received a full transcript, SAT, and ACT scores and accepted him in large part based off these formal documents. These partial semester grades contained two classes with D current grade markings. Due to life obligations beyond the control of the plaintiff, plaintiff was absent from these classes with derogatory grades for weeks and therefore had uncompleted assignments that had yet to be turned in. Due to the life obligations of plaintiff, plaintiff actually chose to drop said classes, the result of which was a removal of said derogatory grade markings from his School grades record. However the damage had already been done as his school of choice and major of choice had already been taken away from him by the negligence of the high school counselor in training. CU Boulder had already sent a letter to plaintiff resending his admission status. Plaintiff responded to the University of Colorado at Boulder with and informative letter to the dean requesting that this rescinded admission be overturned. This request was denied. The resending of his admission permanently damaged his college financial future based on him being within close proximity to the school which would have allowed him to live at his parents house during the majority of his admission, therefore reducing the financial burden placed upon himself.

Plaintiff Adrian contends that the negligence of LEGACY HIGH SCHOOL by placing an untrained counselor in position of handling students as their primary counselor instead of in a trainee position violated the rights of plantiff including his constitutional rights and the result of their negligence being Irreparable harm on the future of plaintiff and his family legacy. Plaintiff Adrian also contends that the UNIVERSITY OF COLORADO AT BOULDER violated his rights including his constitutional rights by denying him admission based upon documents they received accidentally and without permission, and by failing to remedy the rescinded admission status. Plaintiff met all of the requirements under guaranteed admission status as a resident of the state of Colorado and taxpayer. Said university lacked just cause for denial.

## SECOND CLAIM FOR RELIEF

The second claim for relief is regarding the plaintiff ADRIAN CAL OHANIAN and the defendant COLORADO STATE UNIVERSITY POLICE DEPARTMENT. On or about November 2004 plaintiff Adrian was residing within the Corbett hall dorm room of Colorado State University on a weeknight, Colorado state university police knocked on the door of plaintiff after 10 PM while he was studying for an exam within the business school in which he was enrolled. Plaintiff answered the door, upon which a police officer walked into his room without asking permission. This officer was followed by three other officers who also walked in without permission. The officers began talking to plaintiff regarding an ATM light that was visible from his window. One officer walked over to the window without permission and removed the sign. Another officer claimed a novelty street sign hanging from the ceiling was government property and began cutting it down without permission.

The police later left, but began harassing plaintiff by telephone and visits to his room. Police behavior left him in fear, and damaged his reputation within his dormitory. Plaintiff was told if he did not furnish receipts for confiscated items that he would be criminally charged, and that admission could be revoked. Plaintiff later furnished a receipt, after numerous threats, in fear, and under duress. He was later charged with attempting to influence a public servant, a felony within the state of Colorado. Plaintiff was later placed in jail.

Plaintiff Adrian contends that COLORADO STATE UNIVERSITY POLICE DEPARTMENT violated his rights including his constitutional rights by entering his dorm room without permission, taking his property without permission, followed with coercive threats, and by lying to him telling him he would go to jail if he did not furnish a receipt, and by placing him in jail, leading to him missing classes and assignments due. Said police also violated Colorado revised statute criminal codes and officer procedures.

## THIRD CLAIM FOR RELIEF

The third claim for relief is regarding the plaintiff ADRIAN CAL OHANIAN and the defendant COLORADO STATE UNIVERSITY and COLORADO STATE UNIVERSITY POLICE DEPARTMENT. Plaintiff Adrian alleges that from December 2004 forward plaintiff was unable to focus on school due to a constant fear of being placed in jail and later on a fear of the pending criminal charges placed against him. Plaintiff had to hire an attorney to protect himself from his own University's police department as he was being harassed and later same attorney had to defend plaintiff in court against felony charges. These fears were not exaggerated as plaintiff had a search warrant issued upon his room. This attorney exhausted the funds of plaintiff causing him to have to seek alternative sources of funding for school related expenses. One of which was holding employment while attending school.

Plaintiff furthers that Colorado State University made no attempts to help defendant, make defendant feel safe, or protect defendant regarding felony charges placed against him. Colorado state university actually made the situation worse by requiring defendant to attend ethics related meetings with a university employee in their ethics affairs office. At these meetings plaintiff was told conviction of a criminal charge could result in him losing his admission status, The result of which was more fear in plaintiff and more difficulty concentrating in class, during study, and while working on homework.

Plaintiff furthers that his need to seek additional income, of which was caused by both Colorado State University police, and Colorado State University lead to a shortage of his time and disruption of his mental energy. His employment constraints resulted in lack of sleep, waking up late for class, missed classes, falling asleep before completing homework assignments, poor concentration during class, and falling grades across all of his classes. The repercussions of this are easily evident by comparing plaintiffs high school grades with his college grades. Plaintiff was later living under more fear after the admissions office placed him on academic probation due to these low grades which did not meet the University 2.0 GPA minimum. Plaintiff was unable to meet these GPA requirements leading to him to drop out of the university. Plaintiff

furthers that this slump in grades, and later loss of admission status, was the result of actions of defendants.

Plaintiff Adrian contends that negligence and harassment by COLORADO STATE UNIVERSITY and the COLORADO STATE UNIVERSITY POLICE DEPARTMENT violated his rights including his constitutional rights, and this damaged his future.

## FOURTH CLAIM FOR RELIEF

The fourth claim for relief is regarding the plaintiff ADRIAN CAL OHANIAN and the defendant UNIVERSITY OF COLORADO AT BOULDER. On or about August 2013, plaintiff after release from prison was living within a stable home in Boulder Colorado and reapplied to the University of Colorado at Boulder. On his admissions application plaintiff was asked to state whether he had any criminal record. Plaintiff responded honestly and was denied admittance. Plaintiff then requested a meeting with an admissions representative, and during this meeting he was told his application was denied due to his criminal record and that further appeals would be denied.

Plaintiff contends that upon reapplication to the UNIVERSITY OF COLORADO AT BOULDER, plaintiff met all of the requirements under guaranteed admission status as a resident of the state of Colorado and taxpayer. Denial of his re-application based off his criminal record was a violation of his rights, Colorado revised statutes, and conditions placed upon public universities receiving federal funding, and any programs or activities conducted by a public university. Plaintiff contends that denial based upon his criminal record was discrimination.

## FIFTH CLAIM FOR RELIEF

The fifth claim for relief is regarding the plaintiff AUSTIN TRAIG VINCENT and the defendant UNIVERSITY OF COLORADO AT BOULDER POLICE and UNIVERSITY OF COLORADO

AT BOULDER. On or about November 12, 2011 plaintiff vincent contends that the CU Boulder campus police arrested him based off an impartial investigation thus destroying his reputation, good standing name on campus, and reputation on the football field.

Plaintiff furthers that said police were only seeking enough evidence to acquire a probable cause warrant for arrest and did so with indifference to an otherwise good standing member of their community. Plaintiff asserts that he was discriminated against by said police based upon his race, in violation of Title VI of the Civil Rights Act of 1964. In this act it states that no person in the United States shall, on the grounds of race, color, or national origin, be excluded from, participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance.

Plaintiff furthers that said police failed to question adequate amount of people in the dormitory. Adequate questioning would have revealed that none of the females on that co-ed dormitory floor had expressed issue with plaintiff prior to his alleged behavior. Said police also failed to question RA staff as to whether the men's restroom was sanitary, habitable, or even open for occupants. Plaintiff which had already gone to practice numerous times without showering, had hygiene requirements that became burdens placed upon him, which the university failed to remedy.

Plaintiff vincent contends the ,UNIVERSITY OF COLORADO AT BOULDER POLICE, violated his rights including his constitutional rights when they acted with negligence, indifference, prejudice, and thus harmed plaintiffs well-being and future. Plaintiff furthers that UNIVERSITY OF COLORADO AT BOULDER acted with negligence when they failed to maintain clean, sanitary, and habitable restrooms within university dormitories.

## SIXTH CLAIM FOR RELIEF

The sixth claim for relief is regarding the plaintiff AUSTIN TRAIG VINCENT and the defendant UNIVERSITY OF COLORADO AT BOULDER. On or about November 2011 plaintiff Vincent was pending sex related charges within the state of Colorado.

At the point in time Vincent was charged with a sex crime, namely one count of misdemeanor indecent exposure to an adult, plaintiff was the property of the University of Colorado at Boulder due to being a signed scholarship designee. Plaintiff was to remain the property of the University until May 21, 2014, four years following his signing date of May 21, 2010. In return for this scholarship Vincent would provide practice attendance and game time play for the University of Colorado Boulder football team. The University of Colorado at Boulder had a fiduciary responsibility to protect the interests of their property, namely contractee Austin Traig Vincent.

The University of Colorado at Boulder and legal representatives for the University, and also the University's football teams legal representatives acted with negligence when they failed to contact Vincent regarding pending criminal charges, failed to protect Vincent, The well-being of Vincent, and the interests of Vincent regarding the criminal charges and the various possible negative implications. Said university and said football team acted with disregard for their property, meanwhile still utilizing their property for financial gain. The University and the dormitory did not conduct adequate due diligence prior to suspending the Athlete from the team and banning the student from the Willard hall dormitory. This essentially stripped him of his career and left him homeless.

Lack of legal advice left plaintiff open to manipulation and fear of the serious possible consequences which could result. Without proper legal advice to base his decision making, plaintiff pled guilty against his will, solely due to fear mongering on part of various entities. The University then acted in bad faith when they used plaintiffs conviction as an opportunity to sweep away the bad publicity, and put forward and image of having done their duties when they chose to suspend it plaintiff from the school for an entire year.

Plaintiff vincent contends the UNIVERSITY OF COLORADO AT BOULDER Violated his rights including his constitutional rights when they used him for financial gain, while acting with negligence and neglect for his well-being.

## SEVENTH CLAIM FOR RELIEF

The seventh claim for relief is regarding the plaintiff AUSTIN TRAIG VINCENT and the defendant UNIVERSITY OF COLORADO AT BOULDER. On or about September 2013 plaintiff Vincent had his scholarship revoked by the University of Colorado at Boulder without just cause while still utilizing plaintiff for financial gain.

Plaintiff while still attending the University as a non-scholarship receiving student remained at the university where he was soon to realize that this was a school he could not afford to attend without a scholarship. This situation would not have come to occur if it was not for the promises of coach John Embree, who promised Vincent that he would get his scholarship reinstated. Vincent based his decision to return to University of Colorado at Boulder solely based upon this promise. Embree was later fired before Vincent's hearing. At this hearing, Vincent's scholarship reinstatement was denied. Plaintiff lived in a state of desolate poverty during the 2013–2014 school year. Plaintiff was without a bicycle to ride to class, a car to attend appointments, adequate food to properly perform on the field let alone nourish himself, a bedroom door to sleep within, a desk to study at, class required schoolbooks, a laptop to do homework assignments on, and basic necessities. Plaintiff will subpoena witnesses to testify on behalf of his alleged struggles. Revocation of scholarship resources also deprived plaintiff of valuable resources he could no longer utilize to learn, participate, and excel in the classroom and as a member of the campus. Plaintiff lived this school year with possessions consisting of a hockey bag filled with clothes, ate free food given by other caring people, and slept on a couch.

Plaintiff vincent contends the UNIVERSITY OF COLORADO AT BOULDER by rescinding the scholarship of plaintiff without just cause, while receiving financial gain from his presence on the team and on broadcast television, violated the rights of the plaintiff, including his constitutional rights. Actions of defendant resulted in damage to plaintiff and to his future.

## EIGHTH CLAIM FOR RELIEF

The eighth claim for relief is regarding the plaintiff AUSTIN TRAIG VINCENT and the defendant UNIVERSITY OF COLORADO AT BOULDER. On or about September 2011 plaintiff Vincent was the victim of trickery and deceit.

Plaintiffs coach suggested that he red shirt his freshman year, yet they went on to play him the second game of the season against Cal. It was the first home game of the inaugural season he played 2 snaps and was pulled. He didn't play the rest of the season, and his position coach Bobby Kennedy placed him back on scout team, with no concern and they had already used his year, and recyced him back with the red shirt freshman. A redshirt being defined as a college athlete who practices with the team, but does not play any official games.

Plaintiff vincent contends the UNIVERSITY OF COLORADO AT BOULDER acted in bad faith when they went against their stated intentions, and used plaintiff on the field with no intentions of continuing to do so throughout the rest of the season. These actions caused harm to the plaintiff, his school scholarship, NCAA status, and future career in football.

## NINTH CLAIM FOR RELIEF

The ninth claim for relief is regarding the plaintiff AUSTIN TRAIG VINCENT and the defendant UNIVERSITY OF COLORADO AT BOULDER and UNIVERSITY OF COLORADO AT BOULDER POLICE. On or about August 2012 through May 2013 plaintiff Vincent was the victim of discrimination and harassment.

Plaintiff Vincent experienced excessive discrimination at the university from students, professors, and campus police. Plaintiff was stopped by police on multiple occasions with a former teammate, who will be subpoenaed to testify. Campus police stopped plaintiff and teammate on and off campus, always with the explanation for detainment being that plaintiff and teammate fit the description of two perpetrators that stole Mac laptops. Plaintiff and teammate realized that these repeated falsehoods were simply too stop him because he was a black male.

Plaintiff was the victim of racism and racial profiling from the majority of his peers and people of influence such as teachers, administrators, and police.

Plaintiff vincent contends the UNIVERSITY OF COLORADO AT BOULDER and UNIVERSITY OF COLORADO AT BOULDER POLICE violated the constitutional rights of plaintiff, which protect him against discrimination and racially motivated harassment that occurred during this period of his time on campus. This is in violation of Title VI of the Civil Rights Act of 1964. In this act it states that no person in the United States shall, on the grounds of race, color, or national origin, be excluded from, participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance.

## TENTH CLAIM FOR RELIEF

The tenth claim for relief is regarding the plaintiff AUSTIN TRAIG VINCENT and the defendant UNIVERSITY OF COLORADO AT BOULDER. On or about August 2012 through May 2013 plaintiff Vincent was the victim of neglect and exploitation.

Plaintiffs contends that he reported to practice as directed, yet was subjected to gross malnourishment. The lack of calories in his diet and lack of variety lead to him having persistent headaches, lightheadedness, mood disturbances, trouble concentrating, mild depression, interpersonal problems, diminished academic performance, and greatly diminished athletic performance.

During this period of time plaintiff subsisted off of a diet compromised of in excess of 75% of calories from eggs. Plaintiff ate eggs for breakfast, lunch, and dinner. His health, life, and performance deteriorated as a result. Although his diet was compromised, the demands and requests of the football team, and within the classroom were not any lessened. Plaintiff was treated with disregard and neglect by the university. Plaintiff will subpoena witnesses to testify on behalf of his alleged struggles.

Plaintiff vincent contends the UNIVERSITY OF COLORADO AT BOULDER neglected plaintiff while simultaneously exploiting him for his football performance. These actions caused harm to the plaintiff, his health, his school career, his education due to poor memory from that year, his NCAA status, future career in football, and future in general.

## ELEVENTH CLAIM FOR RELIEF

The eleventh claim for relief is regarding the plaintiff AUSTIN TRAIG VINCENT and the defendant UNIVERSITY OF COLORADO AT BOULDER. On or about March 2013 plaintiff Vincent was the victim of exploitation.

Plaintiffs contends that in the spring of 2013 he was filmed in a CU Boulder football commercial that aired on public television for the university and the football teams promotional purposes. Plaintiff received no compensation for this commercial which financially benefited the university and the football team.

Plaintiff vincent contends the UNIVERSITY OF COLORADO AT BOULDER exploited him and his name for financial gain without just compensation.

## TWELFTH CLAIM FOR RELIEF

The twelfth claim for relief is regarding the plaintiff AUSTIN TRAIG VINCENT and the defendant UNIVERSITY OF COLORADO AT BOULDER. On or about November 2011 until present plaintiff Vincent was the victim of neglect.

Plaintiffs contends that from the date of alleged indecent exposure, Vincent was purposefully isolated from his community, that being his university life, without just cause. Said isolation led to a state a depression that plaintiff has yet to recover from. Plaintiff is unable to maintain steady employment due to being branded as sex offender based off allegations that did not occur as alleged to have occurred.

Plaintiff vincent contends the UNIVERSITY OF COLORADO AT BOULDER disposed of him like human trash once the bad publicity exceeded the possible gain they felt they could reap. By doing so, defendant violated their end of the contract with plaintiff. Said disposal of defendant harmed defendants mental health, employability, and good name within his community.

## REQUEST FOR RELIEF

Plaintiff comes before this honorable court requesting the following relief:

Plaintiffs requests compensation from each defendant party in the amount of $300,000 per claim they are listed in , This represents a figure a one year salary each plaintiff could expect to receive for their skills were they able to attain employment in their field of skill. For plaintiff Adrian, employment in various specialties of IT in the Seattle, Washington area, $300,000 would be an attainable annual salary. For plaintiff Vincent, starting salary in the NFL for his level of skill being #22 ranked wide receiver nationwide would be no less than $300,000 annually.

Claim one by plaintiff adrian lists defendants LEGACY HIGH SCHOOL and The UNIVERSITY OF COLORADO AT BOULDER. $300,000 times 2 defendants totals $600,000.

Claim two by plaintiff adrian lists defendant COLORADO STATE UNIVERSITY POLICE DEPARTMENT. $300,000 times 1 defendant totals $300,000.

Claim three by plaintiff adrian lists defendants COLORADO STATE UNIVERSITY and COLORADO STATE UNIVERSITY POLICE DEPARTMENT. $300,000 times 2 defendants totals $600,000.

Claim four by plaintiff adrian lists defendant UNIVERSITY OF COLORADO AT BOULDER. $300,000 times 1 defendant totals $300,000.

Claim five by plaintiff vincent lists defendants UNIVERSITY OF COLORADO AT BOULDER POLICE and UNIVERSITY OF COLORADO AT BOULDER. $300,000 times 2 defendants totals $600,000.

Claim six by plaintiff vincent lists defendant UNIVERSITY OF COLORADO AT BOULDER. $300,000 times 1 defendant totals $300,000.

Claim seven by plaintiff vincent lists defendant UNIVERSITY OF COLORADO AT BOULDER. $300,000 times 1 defendant totals $300,000.

Claim eight by plaintiff vincent lists defendant UNIVERSITY OF COLORADO AT BOULDER. $300,000 times 1 defendant totals $300,000.

Claim nine by plaintiff vincent lists defendants UNIVERSITY OF COLORADO AT BOULDER POLICE DEPARTMENT and the UNIVERSITY OF COLORADO AT BOULDER $300,000 times 2 defendants totals $600,000.

Claim ten by plaintiff vincent lists defendants UNIVERSITY OF COLORADO AT BOULDER and UNIVERSITY OF COLORADO AT BOULDER POLICE. $300,000 times 2 defendants totals $600,000.

Claim eleven by plaintiff vincent lists defendant UNIVERSITY OF COLORADO AT BOULDER. $300,000 times 1 defendant totals $300,000.

Claim twelve by plaintiff vincent lists defendant UNIVERSITY OF COLORADO AT BOULDER. $300,000 times 1 defendant totals $300,000.

Plaintiff Adrian's requests total $1,800,000. Plaintiff Vincent's requests total $3,000,000. Plaintiffs total claims for relief combined grand total $4,800,000.

Plaintiffs assert their constitutional rights under clause 7 of the bill of rights, guarantees them a right to jury trial civil cases. Plaintiffs request a Jury trial to a jury of 12 peers. Right to subpeona witnesses to testify to the plaintiffs claims.

Date: September 8, 2017

s/ _____

## CERTIFICATE OF SERVICE

Plaintive swears that he has delivered a true copy of said filing to all defendants listed by US mail.

Adrian Ohanian

19307 E Batavia Dr

Aurora, CO 80011

(720) 788-2227

vocpnt@gmail.com

19307 E Batavia Dr.
Aurora, CO 80011

TO: US District Court
901 19th St.
Denver, CO 80294

Case No. 1:17-cv-02207-LTB   Document 1   filed 09/12/17   USDC Colorado   pg 17 of 18

